IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
MAR 2 2 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| Plaintiff, | ) 07CV1589 |
| v. | ) JUDGE BUCKLO |
| APPLE SAUCE, INC. and APPLEILLINOIS, LLC D/B/A APPLEBEE'S NEIGHBORHOOD GRILL AND BAR | ) MAG. JUDGE KEYS ) ) JURY TRIAL DEMAND |
| Defendants. | ) ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to a class of employees who were adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that Defendants Apple Sauce, Inc. and AppleIllinois, LLC d/b/a Applebee's Neighborhood Bar & Grill (collectively "Defendants" or "Applebee's"), discriminated against Brittnay Selent ("Charging Party" or "Selent") and a class of female employees by subjecting them to harassment because of their sex. The Commission also alleges that as a result of the sexual harassment of Selent, the conditions of her employment were made so intolerable that she was constructively discharged by Defendants.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Apple Sauce, Inc. has continuously been and is now doing business in the State of Illinois and the City of Aurora, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant AppleIllinois, LLC has continuously been and is now doing business in the State of Illinois and the City of Aurora, and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant Apple Sauce, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g)

2

and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

7. At all relevant times, Defendant AppleIllinois, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Selent filed a charge with the Commission alleging violations of Title VII by Applebee's. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least 2004, Defendants have engaged in unlawful employment practices at their restaurant in Aurora, Illinois, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Such unlawful employment practices include, but are not limited to, subjecting Selent and a class of female employees to harassment because of their sex and constructively discharging Selent.

10. The effect of the practices complained of in paragraph nine (9) above has been to deprive Selent and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

11. The unlawful employment practices complained of in paragraph nine (9) were and are intentional.

12. The unlawful employment practices complained of in paragraph nine (9) above were and are done with malice or with reckless indifference to the federally protected rights of Selent and a class of employees.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Apple Sauce, Inc., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

B. Grant a permanent injunction enjoining Defendant AppleIllinois, LLC, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

C. Order Defendant Apple Sauce, Inc. to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

D. Order Defendant AppleIllinois, LLC to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

E. Order Defendant Apple Sauce, Inc. to make whole Selent by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

F. Order Defendant AppleIllinois, LLC to make whole Selent by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

G. Order Defendant Apple Sauce, Inc. to make whole Selent and a class of female

employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

  H. Order Defendant AppleIllinois, LLC to make whole Selent and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

  I. Order Defendant Apple Sauce, Inc. to make whole Selent and a class of female employees by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

  J. Order Defendant AppleIllinois, LLC to make whole Selent and a class of female employees by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

  K. Order Defendant Apple Sauce, Inc. to pay Selent and a class of female employees punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

  L. Order Defendant AppleIllinois, LLC to pay Selent and a class of female employees punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

  M. Grant such further relief as the Court deems necessary and proper in the public interest; and

  N. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONDALD COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Diane I. Smason
Supervisory Trial Attorney

_____
Aaron R. DeCamp
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7582