

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>     Plaintiff, <br> and <br> BRITTNAY SELENT, <br>     Plaintiff-Intervenor, <br> v. <br> APPLEILLINOIS, LLC, <br>     Defendant. | Case No. 07 C 1589 <br><br> Judge Elaine E. Bucklo <br> Magistrate Judge Arlander Keys |

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action alleging that Defendant AppleIllinois, LLC ("AppleIllinois" or "Defendant") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by subjecting Charging Party Brittnay Selent ("Selent" or "Charging Party") and a class of female employees to harassment because of their sex at Defendant's Aurora, Illinois restaurant. The Complaint further alleges that as a result of the sexual harassment of Selent, she was constructively discharged. On July 19, 2007, Selent intervened in this lawsuit. AppleIllinois filed an answer and affirmative defenses denying the EEOC's and Selent's allegations.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally

1

resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC.

3. The terms and conditions of this Decree apply only and exclusively to AppleIllinois' restaurant located in Aurora, Illinois as well as its human resources employees involved in sexual harassment training and investigation at the Aurora restaurant.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the parties.

    b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, AppleIllinois, Selent, the class members and the public interest are adequately protected by this Decree.

    c. This Decree conforms with the Federal Rules of Civil Procedure, Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the class members, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTION

5. AppleIllinois, its officers, agents, employees, successors, assigns and all persons acting in concert with it will provide its female employees an environment free of sexual harassment.

6. AppleIllinois, its officers, agents, employees, successors, assigns and all persons

2

acting in concert with it will not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## MONETARY RELIEF

7. AppleIllinois shall pay a monetary amount totaling $152,500 to Brittnay Selent, Dana Ackerman, Becky Dishmon, Vanessa Kell, Katherine Weiler and Amanda Smith (collectively, "claimants"). The division among the claimants is as follows:

| Claimant | Amount |
|---|---|
| Brittnay Selent | $50,000 |
| Becky Dishmon | $25,000 |
| Katherine Weiler | $25,000 |
| Dana Ackerman | $20,000 |
| Vanessa Kell | $20,000 |
| Amanda Smith | $12,500 |

8. EEOC will mail a copy of the Release Agreement (attached hereto as Exhibit A) to each claimant. Each claimant must execute and return a Release Agreement to EEOC. EEOC will send to AppleIllinois the executed Release Agreements it receives from the claimants within thirty (30) days from the entry of this Decree.

9. At the same time that EEOC provides AppleIllinois the claimants' signed Release

Agreements, EEOC will also provide AppleIllinois with each claimant's current address.

10. Selent agrees to execute a separate, privately negotiated Release Agreement. Upon receipt of Selent's Release Agreement by AppleIllinois, AppleIllinois will provide Selent a check in the amount set forth in Paragraph 7 above. EEOC has had no role in negotiating, is not a party to, and has not approved the terms of the agreement entered into by Selent, who has been counseled by Beth Miller, Steven M. Pontikes and Associates, with respect thereto.

11. Within ten (10) business days after receipt by Defendant of a signed Release Agreement, AppleIllinois shall issue and mail by certified mail to each claimant a check in the amount set forth above in Paragraph 7. Defendant will also send a copy of each check to EEOC.

12. AppleIllinois shall issue an Internal Revenue Service Form 1099 to each claimant in the amounts set forth in Paragraph 7 above.

### POSTING OF NOTICE

13. Within ten (10) business days following entry of this Decree, AppleIllinois shall post a copy of the Notice (attached hereto as Exhibit B) to this Decree at its Aurora, Illinois restaurant. AppleIllinois shall post this Notice on the bulletin board usually used by AppleIllinois for communicating with its employees. AppleIllinois shall also post a Spanish translation of the Notice alongside the English version of the Notice throughout the duration of the Decree. The Notices shall remain posted for two (2) years from the date of entry of this Decree. AppleIllinois shall take all reasonable steps to ensure that the postings are not altered, defaced or covered by any other material. AppleIllinois shall certify to EEOC in writing within fifteen (15) business days after entry of the Decree that the Notices have been properly posted. AppleIllinois shall permit a representative of EEOC to enter AppleIllinois' premises for purposes of verifying compliance with this paragraph at any time during normal business hours without prior notice.

## RECORD KEEPING

14. AppleIllinois shall maintain and make available for inspection and copying by EEOC records (including names, addresses, and telephone numbers) of each employee who complains of sexual harassment, either orally or in writing, at the Aurora, Illinois restaurant. Such records shall include the name of the complainant, the date of the report or complaint, what was alleged, the name(s) of any witnesses, what actions, if any, AppleIllinois took to resolve the complaint, and the resolution of the report or complaint.

15. AppleIllinois shall make all documents or records referred to in Paragraph 14 above available for inspection and copying within ten (10) business days after EEOC so requests. In addition, AppleIllinois will permit reasonable access to personnel within its employ whom EEOC requests for purposes of verifying compliance with this Decree to cooperate with EEOC and to be interviewed.

## NON-HARASSMENT/DISCRIMINATION POLICY

16. Within thirty (30) days following entry of this Decree, AppleIllinois shall distribute to all employees at its Aurora, Illinois restaurant a copy of its harassment policy in both English and Spanish. AppleIllinois need only distribute the Spanish translated policy to those employees whose primary language is Spanish and those employees who can read Spanish but not English. Within ten (10) business days of distributing this policy to all employees, AppleIllinois shall certify to EEOC that it has done so in accordance with this paragraph. Such certification shall include: (i) the date the policy was distributed; and (ii) a list of all the employees who received the policy, which shall include the name and position of each employee and which translation the employees received. AppleIllinois shall submit its proposed translation of its policy to EEOC at least fifteen (15) days prior to the policy being distributed. EEOC shall

have five (5) days from the date of receipt of the translated policy to make any comments on the proposed translation. The inclusion of this paragraph in the Decree does not represent the Court's or the EEOC's approval of Defendant's policy.

17. AppleIllinois shall offer a Spanish translator to all Spanish speaking employees who complain of sexual harassment and/or against whom such complaints are made.

## REPORTING

18. AppleIllinois shall furnish to EEOC the following written reports semi-annually for a period of two (2) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due twenty-three (23) months after entry of the Decree. Each such report shall contain:

(a) A summary of the information recorded by AppleIllinois pursuant to Paragraph 14; and

(b) A certification by AppleIllinois that the Notice required to be posted in Paragraph 13, above, remained posted during the entire period preceding the report.

## TRAINING

19. During each of the two years covered by this Decree, all of AppleIllinois' employees at its Aurora, Illinois restaurant shall participate in an annual training session paid for by AppleIllinois and approved by EEOC regarding sexual harassment, retaliation and AppleIllinois' policies regarding such discrimination. The first session will take place within ninety (90) days from entry of this Decree and shall be attended by an instructor who is qualified to answer questions posed by the participants regarding sexual harassment and retaliation. The current General Manager, all Service Managers, Kitchen Managers and Bar Managers and human resources employees involved in sexual harassment training or investigation at the

AppleIllinois' Aurora restaurant shall also participate in such training, and any new human resources employee involved in sexual harassment training or investigation at the AppleIllinois' Aurora restaurant shall receive such training prior to starting work. Training shall be conducted in English and Spanish as appropriate.

20. AppleIllinois shall obtain EEOC's approval of its proposed instructor prior to the training session. AppleIllinois shall submit the name, address, telephone number, resume and training proposal of the proposed instructor, including all proposed training materials, to EEOC at least fifteen (15) business days prior to the proposed date(s) of the training. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the proposed instructor. In the event EEOC does not approve AppleIllinois' designated instructor, AppleIllinois shall have five (5) business days to identify an alternate instructor. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate instructor. If the parties cannot through this process agree on an instructor, then they may seek the Court's assistance under Paragraph 23.

21. AppleIllinois shall certify to EEOC in writing within ten (10) business days after the training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance.

22. AppleIllinois shall also provide EEOC with any and all copies of pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s), if they are different than those previously produced to EEOC.

## DISPUTE RESOLUTION

23. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

24. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 23, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

25. Each party to this Decree shall bear its own expenses, attorney's fees and costs.

26. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

27. If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

28. When this Decree requires a certification by AppleIllinois of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of AppleIllinois.

29. When this Decree requires the submission by AppleIllinois of reports, certifications, notices, or other materials to EEOC, they shall be mailed to: AppleIllinois Title VII Settlement, Equal Employment Opportunity Commission, c/o Aaron DeCamp, 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661. When this Decree requires submission by EEOC of materials to AppleIllinois, they shall be mailed to: Hughes Socol Piers Resnick & Dym, Ltd., c/o José J. Behar, 70 W. Madison, Suite 4000, Chicago, Illinois 60602.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

RONALD COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

John Hendrickson
ARDC #1187589
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
Telephone: (312) 353-8551
E-Mail: john.hendrickson@eeoc.gov

Diane I. Smason
ARDC # 6626130
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
Telephone: (312) 353-7526
E-Mail: diane.smason@eeoc.gov

Aaron R. DeCamp
ARDC # 6282725
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
Telephone: (312) 353-7582
E-Mail: aaron.decamp@eeoc.gov

For AppleIllinois, LLC

_____
George Werden, Vice-President
2777 Finley Road, Suite 6
Downers Grove, IL 60515

For Brittnay Selent

_____

ENTER:

_____
The Honorable Judge Elaine E. Bucklo
United States District Judge

The Honorable Judge Arlander Keys
United States Magistrate Judge

DATE:

2/22/08

11

# EXHIBIT A

## RELEASE AGREEMENT

In consideration for $_____ paid to me by AppleIllinois, LLC, in connection with the resolution of <u>EEOC and Brittnay Selent v. AppleIllinois, LLC</u>, No. 07 C 1589 (N.D. Ill.), I waive all my rights to recover for any claims of sexual harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq</u>. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, that I had or could have had against AppleIllinois, LLC, prior to the date of this release and that were included or could have been included in the claims alleged in EEOC's complaint in <u>EEOC and Brittnay Selent v. AppleIllinois, LLC</u>, No. 07 C 1589.

_____  _____
Date  Signature

# **EXHIBIT B**

## NOTICE TO ALL APPLEILLINOIS AURORA EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. AppleIllinois*, No. 07 C 1589, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against AppleIllinois.

In its suit, EEOC alleged that AppleIllinois discriminated against female employees by subjecting them to a sexually hostile work environment and constructively discharging one of them. AppleIllinois filed an answer and affirmative defenses denying the allegations.

To resolve the case, AppleIllinois and EEOC have entered into a Consent Decree which provides, among other things, that:

1)  AppleIllinois will pay a monetary amount to the claimants;

2)  AppleIllinois will provide its female employees an environment free of sexual harassment;

3)  AppleIllinois will not retaliate against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and

4)  AppleIllinois will provide training to all employees regarding sexual harassment, retaliation and AppleIllinois' policies regarding such discrimination.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at (312) 353-2713. EEOC charges no fees and has a TTD number.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: AppleIllinois Title VII Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.**

2/22/08
Date

Elaine E. Bucklo
Judge Elaine E. Bucklo
United States District Court